REDMANN, Judge.
Defendant appeals from a judgment awarding $750 damages to a driver whose automobile was struck by defendant transit company’s streetcar. Defendant argues and plaintiff concedes that the trial judge orally reasoned that the testimony of two independent witnesses was unbelievable because, seated on the ¡eft side of the streetcar, they could not have seen plaintiff’s automobile pass the streetcar on its right side and make a left turn (despite a no left turn sign) into its path, as those witnesses testified. We reverse that ruling and, on our independent evaluation of the testimony, reverse the judgment appealed from.
The streetcar was not packed solidly with standing passengers, through whom, of course, the seated witnesses could not have seen. The only evidence is that the seats were full and there “may have been one or two people standing up.” The trial judge’s view is suggested by this interchange with one of the witnesses:
Q. Didn’t you say you were sitting on the left side of the streetcar as it was headed in an uptown direction. A. Yes, sir. Q. And you looked through the people in the seats and through the window? A. Yes. Q. And you watched the car, and then the car got further in front of you? A. Yes. Q. And you watched the car, and watched this car as it went from window to the next window and then to the door and then you watched it in each one of those places? A. Yes. Q. Did you watch it in each of those places as it went up? A. Not in each window, but I would watch that automobile. Q. You watched the automobile? A. Yes, I was watching it.
The record does not contain ány evidence supporting a conclusion that passengers seated on one side of a streetcar form so solid a mass that one seated on the other side could not see between them. The trial judge may not take judicial notice of such a fact because it is not a matter of common experience. Our experience is that New Orleans streetcar seats (save the last seat at front and rear) face the front (or rear) of the streetcar, and are sufficiently far apart to enable one seated on the opposite side to see between the seats, even when they are occupied, and through the large windows that constitute almost the entire side of the streetcar, beginning not far above the waist of a seated adult passenger. We agree that the trial judge might take judicial notice that one seated on the left side could surely not see events to the right of the streetcar as well as one seated on the right side, because the field of vision is of course obstructed by the passengers seated on the right. Nevertheless there is such intermittent vision between those passengers that we simply could not, in our minds, conclude that one seated on the left could not see an automobile pass on the right and make a left turn into the path of the streetcar. We acknowledge the trial court’s primacy, for which we cannot substitute, in fact finding and credibility evaluation, Canter v. Koehr-ing Co., 283 So.2d 716 (La.1973), but we believe it was a legal error to reject as physically impossible the testimony of the witnesses that they did indeed see through the windows.
There is no other basis in the record for rejecting the testimony of the two disinterested witnesses, a retired merchant seaman and a graduate civil engineer (whose work is “traffic safety expert and . .. traffic engineer”). Their testimony is wholly disinterested, internally consistent, and most positive. It would establish that plaintiff was at fault.
*520 Plaintiff’s testimony is that he did not make a left turn but had traveled straight across the intersection and had stopped in its median as the light turned yellow (and then red), when the streetcar rolled into his car.[1] That testimony would support a judgment in his favor, but we cannot accept it as outweighing the independent witnesses’ testimony. Plaintiff has the burden of proving his case by a preponderance of the credible evidence, and we rule that he has not carried that burden.
Reversed; dismissed at plaintiff’s cost.
KLEES and LOBRANO, JJ., dissent.

. That testimony is argued to be supported by a person to whom plaintiff had given a ride to a point from which, had plaintiff gone no place else afterwards, plaintiff would have been traveling straight across the intersection. But that rider’s testimony does not contradict that of the other two independent witnesses, because there is evidence that several minutes could have intervened between that rider’s being dropped off and the accident.